IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 26, 2016


**KEVIN LEE CARNETT v. PNC BANK, NA**


**Appeal from the Circuit Court for Chester County**
**No. 15CV6     Donald H. Allen, Judge**

_____


**No. W2015-01677-COA-R3-CV – Filed February 2, 2016**
_____


Plaintiff filed a complaint against the defendant-bank to halt foreclosure proceedings. When the bank did not answer the complaint, the plaintiff filed a motion for default judgment. The trial court denied the motion for default judgment and, sua sponte, dismissed the complaint. We affirm the denial of plaintiff's motion for default judgment but vacate the dismissal of his complaint.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Kevin Lee Carnett, Henderson, Tennessee, Pro se.

Stephen L. Hughes, Milan, Tennessee, for the appellee, PNC Bank, NA.


**OPINION**

**Background**

On February 23, 2015, Plaintiff/Appellant Keven Lee Carnett ("Appellant"), by and through his counsel, filed a complaint against Defendant/Appellee PNC Bank, NA ("Appellee") and "DOES 1–10" regarding the financing and attempted foreclosure of residential property owned by Appellant. The complaint requested a declaratory judgment

that Appellee did not have a right to institute foreclosure proceedings on the property, a permanent injunction preventing Appellee from "ever seeking to foreclose on the [p]roperty," and recovery of costs. Although the complaint alleged that Appellee's corporate headquarters are located in Pennsylvania, a return on service of summons filed in the trial court indicates that a certified copy of the complaint and summons was sent certified mail to an address in Kansas.

Appellee failed to answer the complaint, so on June 3, 2015, Appellant, without the benefit of his counsel, filed a motion for a default judgment. The motion indicated that Appellee was served at both a Kansas and Ohio address. A hearing on the motion was set for July 15, 2015. On June 22, 2015, Appellant's counsel filed a motion to withdraw, citing Appellant's action in filing the motion for default pro se. On July 10, 2015, Appellant responded to the motion to withdraw with a motion entitled "Certificate of Service Regarding Motion for Default and Motion to Proceed 'Pro Se.'" In his motion, Appellant alleged that financial issues had forced him to proceed without representation, but that he was ready and able to do so. Appellant's motion to proceed pro se included a certificate of service indicating that the instant motion had been sent to Appellee at a Kansas address. Curiously, Appellant's counsel's purported signature was included on the certificate of service. Appellant attached to his motion two domestic return receipts showing that the motion for default judgment had purportedly been sent to Appellee at the Kansas and Ohio addresses. Appellant's counsel filed a second response on July 14, 2015. Among other issues with Appellant's motion, counsel alleged that Appellant "place[d] a signature on the undersigned [c]ounsel[']s signature line without [his] authorization or consent." On July 15, 2015, the trial court granted counsel's motion to withdraw and allowed Appellant to proceed pro se. On the same day, the trial court heard Appellant's motion for default judgment. On July 17, 2015, the trial court entered an order denying Appellant's motion for default judgment and dismissing his complaint. The order provides:

> After considering the pro se [Appellant's] "Motion for a Default Judgment" against [Appellee], filed June 3rd, 2015, the [c]ourt finds that the Motion is not well taken, therefore the Motion for a default judgment is denied.
>
> The motion is hereby denied and this case is hereby dismissed.

Appellant thereafter filed a timely notice of appeal.

## Issues Presented

Appellant raises several issues, which are taken, and slightly restated from his appellate brief:

1. Did the trial court show prejudice against Appellant for wanting to continue pro se?
2. Did the trial court err in not granting a default judgment?
3. Should the Appellee be able to obtain a property that never belonged to them in a non-existent foreclosure sale on June 11, 2015 allowed to be a valid sale if it were to take place, especially if no final judgment was entered in the state court?
4. Did the trial court overlook the facts of the case and the relief sought?
5. Appellant prays for either a directed judgment, reversal of the judgment, or the possibility of remanding the case back to the trial court.
6. Should the Appellee be held liable for further damages and attorney's fees that were incurred in bringing this action?
7. Should the Appellant be entitled to reversal on false impressions that his former attorney gave the trial judge, such as signing his attorney's name to a motion for default, which never happened.
8. By motion to the court should Appellant be allowed to enter documents to prove that an alleged foreclosure sale happened on June 11, 2015? If granted Appellant can show the non-existent sale resulted in the property to be recorded in Chester County Register of Deeds office as PNC being the owner of the property in 2015.
a. If Appellant did the initial filing of the complaint, paid the filing fee on his behalf, filed the proof of service of the parties, even served the Appellee on his own, then should filing a motion for default be allowed and was it an act of bad faith. Was this a ground for dismissal?

As we perceive it, there are three discreet issues raised by Appellant and properly at issue in this appeal:

1. Whether the trial court's alleged bias required recusal.
2. Whether the trial court erred in denying Appellant's motion for a default judgment.
3. Whether the trial court erred in dismissing Appellant's complaint.

For the foregoing reasons, we affirm in part, vacate in part, and remand.

**Discussion**

As an initial matter, we note that Appellant is proceeding pro se in this appeal. It is well settled that pro se litigants must comply with the same standards to which lawyers must adhere. As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug.12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).[1]

**Recusal**

From Appellant's statement of the issues, it appears that he first takes issue with the trial court's impartiality, suggesting that the trial court "show[ed] prejudice" against him for his desire to proceed pro se after the withdrawal of his counsel. Litigants are entitled to have their cases heard by an impartial decision-maker. *See State v. Rimmer*, 250 S.W.3d 12, 37 (Tenn. 2008). Tennessee Supreme Court Rule 10, Section 2.11 states that:

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

Tenn. Sup. Ct. R. 10, § 2.11(A). Pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, a litigant is entitled to seek disqualification of a trial judge by filing a written motion that: (1) is supported by an affidavit under oath or a declaration under penalty of

---

[1] We note that Appellant's brief is not fully compliant with Rule 27 of the Tennessee Rules of Appellate Procedure in that the brief does not contain references to the record on appeal. *See* Tenn. R. App. P. 27(a)(6,7). The record on appeal consists of only one technical record and one supplemental record. Accordingly, we exercise our discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to consider the merits of this appeal notwithstanding Appellant's failure to include citations to the record on appeal in his appellate brief. As discussed in in detail *infra*, however, other deficiencies in Appellant's brief preclude appellate review on Appellant's recusal issue.

perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01. Here, the record shows that Appellant filed no written motion in the trial court seeking recusal of the trial judge, no affidavit attesting the facts supporting the recusal request, and no indication that the allegation of prejudice is not being asserted for an improper purpose.

Furthermore, Rule 27 of the Tennessee Rules of Appellate Procedure provides that for each argument the appellant raises in his or her appellate brief, the appellant must include:

> An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, **with citations to the authorities** and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues); . . . .

Tenn. R. App. P. 27(a)(7) (emphasis added). Appellant does not address his prejudice argument in the body of his brief, nor does he cite any legal authority to support his contention that the trial court was prejudiced against him. Under these circumstances, we decline to address this issue.[2]

## Default Judgment

As previously discussed, the complaint in this case was filed on February 23, 2015. Without the benefit of his counsel, Appellant filed a motion for default judgment against Appellee on June 30, 2015, indicating that service of process was completed on Appellee on March 2, 2015. Appellee, however, had not filed an answer or motion in response to the complaint.

Because Appellee failed to respond within thirty days of the filing of the complaint, Appellant asserts that the trial court erred in denying his motion for default judgment. The

---

[2] In an abundance of caution, we have reviewed the entire record for evidence of bias against Appellant. While the trial court did rule against Appellant, nothing in the sparse record on appeal supports Appellant's allegation of bias. *See Watson v. City of Jackson*, 448 S.W.3d 919, 933 (Tenn. Ct. App. 2014) ("Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.") (citing *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012))

Tennessee Rules of Civil Procedure authorize the entry of a judgment by default where a party "has failed to plead or otherwise defend as provided by these rules" as long as specified procedural requirements are met. Tenn. R. Civ. P. 55.01. A trial court's decision to deny a motion for default judgment is reviewed under the abuse of discretion standard. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000) (citing *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984)). As this Court explained:

> A party seeking to have a lower court's holding overturned on the basis of abuse of discretion undertakes a heavy burden. The abuse of discretion standard is intended to constrain appellate review and implies "less intense appellate review and, therefore, less likelihood of reversal." *BIF v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at * 2 (Tenn. Ct. App. July 13, 1988) (no Tenn. R. App. P. 11 application filed). As a general principle, an appellate court will not reverse a decision that lies within the discretion of the trial court unless it affirmatively appears that the lower court's decision was against logic or reasoning and caused injustice to the complaining party. *See Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). The fact that a decision is discretionary with a trial court necessarily implies that the trial court has a choice of alternatives among a range of acceptable ones; the reviewing court's job is to determine whether the trial court's decision is within the range of acceptable alternatives, given the applicable legal principles and the evidence in the case. *See BIF*, 1988 WL 72409, at *3.

*Looper*, 86 S.W.3d 193–194.

It is difficult to discern the trial court's exact motivation for denying Appellant's motion for default judgment because the trial court did not choose to elaborate as to its reasoning. While nothing in Rule 55.01 expressly requires that orders on motions for default judgment be accompanied by findings of fact and/or conclusions of law, a trial court's explanation for its ruling is helpful in facilitating appellate review. Indeed, this Court has previously held that when a trial court makes no findings of fact or conclusions of law to support its decision, in some cases, "we cannot discern whether the trial court abused its discretion." *Clark v. Clark*, No. M2013-02632-COA-R3CV, 2014 WL 7465651, at *4 (Tenn. Ct. App. Dec. 30, 2014), *perm. app. denied* (Tenn. June 12, 2015). This Court may, however, "choose to conduct its own independent review of the record," when doing so is not unduly burdensome. *Williams v. Singler*, No. W2012-01253-COA-R3-JV, 2013 WL 3927934, at *10 (Tenn. Ct. App. July 31, 2013). Exercising our discretion, we elect to do so in this particular instance.

Our review of the record reflects that Appellant has not met his substantial burden to show an abuse of discretion. *See Looper*, 86 S.W.3d 193. First, we note that Tennessee law clearly favors that disputes be adjudicated on their merits. *State Dep't of Children's Servs. v. Owens*, 129 S.W.3d 50, 57 (Tenn. 2004) (citing *Norton v. Everhart*, 895 S.W.2d 317, 322 (Tenn. 1995)). In addition, a thorough review of the record on appeal reflects a discrepancy in the address provided for Appellee. In his complaint Appellant asserts that Appellee's corporate headquarters is located at "1PNC Plaza, 249 5th Avenue, Pittsburgh, Pennsylvania 15222." In the certificate of service for Appellant's motion for default judgment, however, Appellant indicates that he sent a copy of the motion to Appellee at two different addresses, neither of which is the address first asserted to constitute Appellee's corporate headquarters. Indeed, the record also shows that the initial complaint and summons were sent to a Kansas address, rather than the Pennsylvania address of Appellee's corporate headquarters.

Rule 55.01 of the Tennessee Rules of Civil Procedure specifically provides that the party against whom default judgment is sought must be served with a written notice of the application for default judgment at least five days before a hearing is held on the matter. In addition, for corporate defendants that do not reside in Tennessee, Rule 4.05(3) of the Tennessee Rules of Civil Procedure provides that:

> Service by mail upon a corporation shall be addressed to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Nothing in the record indicates that Appellant addressed his summons or motion for default judgment to an officer, managing agent, or agent authorized to receive service on behalf of the corporation. The fact that an employee of the Appellee may have signed for any mailing is insufficient to constitute effective service of process, as the Tennessee Supreme Court has held that "a person with the authority to sign for and receive certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of an individual defendant." *Hall v. Haynes*, 319 S.W.3d 564, 581 (Tenn. 2010). Thus, the discrepancy between the admitted corporate headquarters of Appellee and where the motion for default judgment was served, and the absence in the record of any indication that the summons or motion was addressed to the appropriate agent, coupled with Appellee's failure to appear, could have caused the trial court to reasonably doubt whether Appellee was properly served with either the complaint or the motion in this case.

Tennessee courts have routinely held that the failure to effectuate proper service of process on a defendant is a ground for setting aside a judgment. *See, e.g., Overby v. Overby*, 224 Tenn. 523, 525, 457 S.W.2d 851, 852 (Tenn. 1970) ("That a judgment *in personam* against a defendant who is not before the court either by service of process or by the entry of appearance is void there can be no question."); *Ramsay v. Custer*, 387 S.W.3d 566, 569

(Tenn. Ct. App. 2012); *Yousif v. Clark*, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010). Common sense dictates that the denial of a motion for default judgment on the same basis must also be appropriate. Accordingly, the trial court did not abuse its discretion when it denied Appellant's motion for a default judgment.

## Dismissal of Complaint

Appellant next argues that the trial court erred in dismissing his complaint. Here, rather than granting Appellant's motion for default judgment, the trial court sua sponte dismissed the complaint. Again, the trial court offered no reasoning illuminating its decision to dismiss the complaint. In this instance, however, we cannot "soldier on" to consider the entire record to determine whether dismissal was proper. *See generally Simpson v. Fowler*, No. W2011-02112-COA-R3CV, 2012 WL 3675321, at \*4 (Tenn. Ct. App. Aug. 28, 2012); *Burse v. Hicks*, No. W2007-02848-COA-R3-CV, 2008 WL 4414718, at \*2 (Tenn. Ct. App. Sept. 30, 2008); *Burgess v. Kone, Inc.*, No. M2007-0259-COA-R3-CV, 2008 WL 2796409, at \* (Tenn. Ct. App. July 18, 2008).

"Dismissal is a harsh sanction." *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). It is, however, specifically authorized by Tennessee law in some limited situations. *See* Tenn. R. Civ. P. 12.02 (concerning different types of defenses that can be the basis for a motion to dismiss); Tenn. R. Civ. P. 12.03 (concerning motions for judgments on the pleadings); Tenn. R. Civ. P. 41.02 (concerning involuntary dismissal); Tenn. R. Civ. P. 56.02 (involving summary judgment in favor of the defending party). In this case, however, nothing in the record on appeal indicates the basis for the trial court's decision to dismiss Appellant's complaint. As previously discussed, the trial court's order does not illuminate its reasoning. Furthermore, at the time of the dismissal, there was no pending motion to dismiss under Rule 12.02 of the Tennessee Rules of Civil Procedure, for involuntary dismissal under Rule 41.02 of the Tennessee Rules of Civil Procedure; or for summary judgment under Rule 56.02 of the Tennessee Rules of Civil Procedure.

We recognize that not all forms of dismissal expressly require that the trial court make findings of fact and/or conclusions of law. The trial court's burden, however, is much higher when dismissing a complaint sua sponte. The Tennessee Supreme Court explained in *Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn. 1975), that while Tennessee Courts have the authority to sua sponte dismiss a complaint for failure to state a claim under Rule 12.02, "such practice is not to be encouraged" and must be used with the utmost discretion and restraint. *Id.* at 571. Likewise a sua sponte grant of summary judgment should be rendered "'only in rare cases and with meticulous care' when 'the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law.'" *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 791 (Tenn. Ct. App. 2007) (quoting *Thomas v. Transport Ins. Co.*, 532 S.W.2d 263, 266 (Tenn. 1976)). Finally, a sua sponte involuntary dismissal, while authorized, "must be

exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired." ***Harris v. Baptist Mem'l Hosp.***, 574 S.W.2d 730, 731 (Tenn. 1978). Thus, while sua sponte dismissals are authorized by Tennessee law, trial courts must have ample justification in taking such a rare and drastic step. *See also **Acuff Int'l, Inc. v. Sanyo Mfg. Corp.***, No. W2013-01146-COA-R3CV, 2014 WL 346661, at \*4 (Tenn. Ct. App. Jan. 30, 2014) (noting that it is well-settled that an appellate court cannot review a lower court's ruling and afford the trial court appropriate deference without some indication as to the trial court's reasoning); ***In re Connor S.L.***, No. W2012–00587-COA-R3-JV, 2012 WL 5462839, at \*4 (Tenn. Ct. App. Nov.8, 2012) (same); ***Campbell v. Trew***, No. 03A01-9303-CH-00138, 1993 WL 313665, at \*2 (Tenn. Ct. App. Aug. 13, 1993) (same).

Finally, we also must recognize that this case involves a pro se litigant. As this Court explained: "[T]rial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Thus, trial courts hearing cases involving pro se litigants are encouraged to provide sufficient explanations of their rulings so as to allow pro se litigants to make relevant arguments either in the ruling's defense or in order to overturn the ruling on appeal. Given the sparse record in this case, and respectfully, the even sparser state of the trial court's order, we cannot conclude that the trial court's order provides appropriate justification for the sua sponte dismissal in this case. Accordingly, we must vacate the judgment of dismissal and remand for further proceedings.

We note that Appellee makes a valiant effort in its appellate brief to offer several deficiencies with regard to the complaint and service of process that it argues are fatal to Appellant's case. Appellee, however, did not participate in the trial court proceedings. As such, these arguments were never raised to the trial court and many of the arguments rest on alleged facts that are not contained in the record on appeal.[3] Indeed, the trial court does not mention any of these alleged deficiencies in its order dismissing this case. Under these circumstances, we conclude that the only appropriate remedy is to vacate the trial court's judgment of dismissal and remand for further proceedings.

## Conclusion

The judgment of Circuit Court of Chester County is affirmed in part, vacated in part, and remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant, Kevin Lee Carnett, and his surety, for which execution may issue if necessary.

---

[3] For example, much of Appellee's argument rests on its assertion that service of process was never accomplished. To support this argument, Appellee cites various websites. Respectfully, it is "well settled that this Court's review is limited to the appellate record. ***Tanner v. Whiteco, L.P.***, 337 S.W.3d 792, 796 (Tenn. Ct. App. 2010) (citing Tenn. R. App. P. 24(b)). Accordingly, we cannot consider arguments that are not supported by the record. Appellee, of course, is free to raise these arguments upon remand.

- 9 -

_____
J. STEVEN STAFFORD, JUDGE