WALTER ALPHONOZA OVERBY, III

*v.*

JUDY NORMAN OVERBY.

457 S.W.2d 851.

(*Nashville,* December Term, 1969.)

Opinion filed May 4, 1970.

Petition for Rehearing Denied September 21, 1970.

H. Fred Ford, Nashville, for appellant; Howser, Thomas, Summers & Binkley, Nashville, of counsel.

J. Vaulx Crockett, Nashville, for appellee; Rutherford, Crockett & Guenther, Nashville, of counsel.

Mr. Justice McCanless delivered the opinion of the Court.

Judy Norman Overby filed her bill for divorce against Walter A. Overby, a member of the United States Army stationed in Maryland, in the Circuit Court of Davidson County. Publication was made for the defendant, judgment *pro confesso* was entered against him, and at the hearing the court decreed the complainant a divorce, the custody of the child of the parties, and that the defendant "continue to send to the complainant, Judy Norman Overby, the regular allotment which he has heretofore done in the amount of $150.00 per month toward the support of the minor child of the parties." The defend-

ant did not enter his appearance in the cause and process was not served on him.

Walter A. Overby "appearing specially" filed his suit in the Chancery Court at Nashville and attacked the decree the Circuit Court had pronounced against him in so far as it provided that he should continue the allotment of $150.00 a month for the support of the child and prayed that a permanent injunction issue enjoining Judy Norman Overby from further proceeding to enforce the award. Mrs. Overby filed a plea in abatement to the suit on the grounds (1) "that this court is without jurisdiction of the matter"; and (2) "that the court should not allow the complainant to appear specially and thereby use the process of this court to aid him in avoiding personal service of process and support for his minor children" (sic.).

The Chancellor sustained the plea in abatement and dismissed the complainant's suit; and from this action the complainant has appealed.

The question for determination is whether one against whom there has been a judgment *in personam* for alimony or child support but who has not been served with process and who has not entered his appearance in the cause in which the judgment was pronounced may in a separate suit enjoin the enforcement of the judgment.

■ That a judgment *in personam* against a defendant who is not before the court either by service of process or by the entry of appearance is void there can be no question. *Dickson v. Simpson*, 172 Tenn. 680, 113 S.W.2d 1190; *Terrell v. Terrell*, 192 Tenn. 317, 241 S.W.2d 411.

"It is well settled that a judgment rendered against a defendant in any kind of a case, when process has

never been served on him, or it, in the way provided by law; or where there has been no attachment of his, or its, property, and publication made as required in attachment cases; and where there has been no voluntary appearance of the defendant, is clearly void, and a bill in equity will be to enjoin its collection." *Jacobs Banking Co. v. Security Banking Co.,* 6 Tenn.CCA (Higgins) 127.

This rule is applicable to judgments and decrees that award alimony. *Darby v. Darby,* 152 Tenn. 287, 277 S.W. 894; *Terrell v. Terrell,* supra.

"Void and voidable judgments and decrees will be enjoined without showing any facts, except such as demonstrate their nullity. If a judgment or decree is, for any reason, void or voidable, as where vitiated by fraud, accident, or mistake, or where the court had no jurisdiction of the person or of the subject matter, such a judgment may be enjoined." Gibson's Suits in Chancery, Fifth Edition sec. 860.

■ But it is insisted that only in the court in which the divorce was granted can there be an adjudication as to the future support of the child of the divorced parties. This is true, and the authorities which have been cited in support of this insistence are applicable, when the court has jurisdiction of the father against whom the decree for support is pronounced. When the decree is void for lack of *in personam* jurisdiction an independent suit to enjoin its enforcement will lie. *Chappell v. Chappell,* 37 Tenn.App. 242, 261 S.W.2d 824.

■ We sustain the appellant's asignments of error. The action of the Circuit Court in entering its judgment against Walter Alphonoza Overby, III, for $150.00 for

the support of the child of the parties was void because he was not before the court by service of process or by a general appearance. An injunction will issue against Judy Norman Overby inhibiting her from attempting to enforce the judgment of the Circuit Court. The costs of the appeal are adjudged against her.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and JENKINS and SMITH, SPECIAL JUSTICES, concur.

### OPINION ON PETITION TO REHEAR

The appellee has filed a petition to rehear which we find it necessary to overrule. We considered the matters raised by the petition when we prepared our opinion.