# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 17, 2011 Session

## MISTY NANETTE BROOKS v. STEPHEN EARL BROOKS

**Appeal from the Circuit Court for Knox County**
**No. 106794     John D. McAfee, Judge[1]**

---

**No. E2010-02614-COA-R3-CV-FILED-SEPTEMBER 9, 2011**

---

This case involves the filing of three separate orders of protection that were requested by Misty Nanette Brooks ("Wife") seeking protection from Stephen Earl Brooks ("Husband"). Based upon Wife's initial petition, the trial court issued the first order of protection, which included a provision regarding the division of the mortgage payment for the marital home. Wife subsequently filed a motion to show cause as to why Husband should not be held in contempt for violating the protective order, and the trial court entered a second order of protection that also included the mortgage provision. Wife subsequently filed two motions to show cause as to why Husband should not be held in contempt for violating the second protective order. The first motion related to Husband's unwanted contact with Wife, while the second motion related to the mortgage payment. Following a hearing on the first motion, the trial court entered a third order of protection that did not include the mortgage provision. Following a hearing on the second motion, an order was entered by the trial court evidencing an agreement between the parties that Husband was to pay his portion of the mortgage payment. Wife then filed another motion to show cause as to why Husband should not be held in contempt for his failure to pay his portion of the mortgage, and a hearing was held on that motion. The trial court dismissed the motion, finding that the court lacked jurisdiction to enter the order directing Husband to pay his portion of the mortgage. Wife appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

---

[1]Sitting by designation following Judge Bill Swan's recusal from the case.

Debra House, Aisha Rahman, and Kristine Schmidt, Knoxville, Tennessee, for the appellant, Misty Nanette Brooks.

Robert A. Cole, Knoxville, Tennessee, for the appellee, Stephen Earl Brooks.

**OPINION**

## I. BACKGROUND

In April 2007, Wife filed a petition in the trial court seeking an order of protection in which she alleged that Husband had assaulted her. An ex parte order of protection was filed the following day. Following a hearing held on May 24, 2007, an order of protection (the "May 2007 OP") was filed. In addition to directing Husband to not contact or come near Wife, the court directed Husband to pay $400 each month toward the mortgage for the marital home.

Almost three weeks later, Wife filed a motion to show cause as to why Husband should not be held in criminal contempt of the May 2007 OP because Husband had approached her and attempted to photograph her with his cellular telephone. On August 16, 2007, the second order of protection (the "August 2007 OP") was filed. The parties agreed that Husband had violated the May 2007 OP, and the court sentenced Husband to ten days in jail for criminal contempt. Husband's sentence was held in abeyance pending his strict compliance with the August 2007 OP, which included the provision regarding the mortgage payments.

Four months later, Wife filed a motion to show cause as to why Husband should not be held in criminal contempt of the August 2007 OP because he had called and visited Wife's place of employment, had called her daughter and left a message for Wife, and had visited her residence. Before the hearing on that motion took place, Wife filed a second motion to show cause as to why Husband should not be held in criminal contempt of the August 2007 OP because he had failed to pay his portion of the mortgage payments.

Following a hearing on the first motion on April 3, 2008, the trial court found that Husband had violated the August 2007 OP by attempting to communicate with Wife. The court held Husband in contempt and directed him to serve 20 days in jail. The court also entered a new order of protection (the "April 2008 OP"). The April 2008 OP did not include the provision regarding payment of the mortgage and did not reference the second motion that had been filed prior to the hearing.

Following the filing of the April 2008 OP, the court held a hearing on the second motion to show cause and entered an order on May 16, 2008, nunc pro tunc April 29, 2008 (the "May 2008 order"). The order referenced the second motion to show cause and indicated that the parties had agreed that Husband would pay his portion of the mortgage. The order was not signed by Husband.

Almost two years later, Wife filed a motion to show cause as to why Husband should not be held in criminal contempt for failing to pay his portion of the mortgage. She alleged that Husband had not paid his portion of the mortgage since his last payment was credited by the mortgage company in October 2009.

At the show cause hearing held on October 25, 2010, Wife testified that she had paid $407 a month toward the mortgage since June 2007. She alleged that the mortgage company had not credited several of her payments and that the house was going into foreclosure. She said that the mortgage company had received Husband's payments through October 2009 and that he had quit paying his portion in November 2009.

Wife testified that at the April 2008 hearing, she did not mention the mortgage payments because the court was only concerned with Husband's unwanted contact with Wife. She said that when she asked her attorney about the omission of the mortgage provision, her attorney told her that they would file an amended order. She admitted that when the court entered the May 2008 order, Husband was not present.

Following the hearing, the trial court held that because the April 2008 OP did not include any provisions regarding the mortgage, the court did not have jurisdiction to enter the May 2008 order directing Husband to pay a portion of the mortgage. The court dismissed the motion to show cause, finding that Husband was not in contempt of the April 2008 OP, the most recent order of protection, because that order did not include the provisions regarding the mortgage payments.

## II. ISSUES

We consolidate and restate the issues raised by Wife as follows:

A. Whether the court erred in holding that the May 2008 order was not valid.

B. Whether the trial court erred in reviewing the May 2008 order sua sponte.

-3-

C.  Whether the trial court erred in concluding that the May 2008 order did not support a finding of contempt.

Husband also raised an issue for our consideration:

D.  Whether the dismissal of the contempt petition was proper because the May 2008 order was not an order of protection.

### III.  STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them.  *See* Tenn. R. App. P. 13(d).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal."  *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

### IV.  DISCUSSION

#### A.

Wife contends that the May 2008 order was a valid order because it fulfilled the requirements of Rule 58 of the Tennessee Rules of Civil Procedure.  Husband responds that the court lacked in personam jurisdiction over him to enter the order because he did not receive notice of the hearing date or the May 2008 order itself.  Husband further contends that the court lacked the authority to enter the order because the order of protection in place at the time of the entry of the May 2008 order did not include the mortgage provision. Husband alternatively asserts that if the court had jurisdiction and authority to enter the order, he should not be penalized for his non-payment because he ceased his payments only after the property was in foreclosure due to Wife's nonpayment.

Our review of the record reveals that the May 2008 order was not an order of protection or a modification or extension of the April 2008 OP.  The May 2008 order purports to be an order entered pursuant to the agreement of the parties directing Wife and Husband to pay their portion of the mortgage.

A trial court has the authority to find persons who willfully disobey lawful court orders to be in contempt of court. Tenn. Code Ann. § 29-9-102(3). In order to hold a party in contempt, the court must find that the disobedience or resistance was willful and that there was a lawful order in place "specifically mandating or prohibiting the alleged contemptuous conduct." *Johnson v. Wilson*, No. E2005-00523-COA-R3-CV, 2005 WL 2860182 (Tenn. Ct. App. Oct. 31, 2005). "In the criminal context, a willful act is one undertaken for a bad purpose." *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 357 (Tenn. 2008). In other words, the accused "acted with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 192 (1998) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)). Relative to the lawfulness of an order, "[a] lawful order is one issued by a court with jurisdiction over both the subject matter of the case and the parties." *Konvalinka*, 249 S.W.3d at 355 (citing *Bryan*, 524 U.S. at 191). A judgment is void if the defendant was not before the court "either by service of process or by the entry of appearance." *Overby v. Overby*, 457 S.W.2d 851, 852 (Tenn. 1970). "[A]n order entered without either subject matter jurisdiction or jurisdiction over the parties is void and cannot provide the basis for a finding of contempt." *Konvalinka*, 249 S.W.3d at 355.

As relevant to this case, Wife testified that Husband was not present when the May 2008 order was entered. The technical record reflects that service of process of the motion to show cause and the summons to appear at the hearing date was returned as unexecuted. The order contained a certificate from Wife's counsel that "a true and exact copy of the foregoing *Answer* was sent by U.S. mail, postage prepaid, to [Husband]." (Emphasis added). The certificate reflected that the "Answer" was sent prior to the entry of the order itself, and the record before us does not reflect that Husband ever received a copy of the order pursuant to Rule 58 of the Tennessee Rules of Civil Procedure. Husband, having never received notice of the motion to show cause, the hearing date, or the order itself, cannot be held in contempt for *willful* disobedience of that order. We acknowledge that Husband paid his portion of the mortgage for a significant period of time after the May 2008 order was entered. However, we will not presume that because Husband made payments, he was necessarily aware that he could be held in criminal contempt if he ceased payments.

Additionally, the April 2008 OP, the order of protection in place at the time of the hearing on the motion to show cause, did not include the mortgage provision. If Wife, the parties, or the court sought to amend the April 2008 OP to include the mortgage provision, then the April 2008 OP should have been amended or an entirely new order of protection should have been entered by agreement or over Husband's objection. *Cable v. Clemons*, 36 S.W.3d 39, 45 (Tenn. 2001). In *Cable*, the Supreme Court held that the trial court may not impose mandatory counseling "as part of the sentence for contempt" for violating an order of protection but that such a condition may be imposed through a new order of protection. *Id.* The May 2008 order before us did not purport to add the mortgage provision to the April

2008 OP, which would not support a finding of contempt based upon Husband's failure to pay his portion of the mortgage. With all of the above considerations in mind, we conclude that the trial court did not err in dismissing the motion to show cause and refusing to hold Husband in contempt for his failure to pay his portion of the mortgage.

B.

Wife contends that the trial court lacked jurisdiction to consider the validity of the May 2008 order because the order became final 30 days after its entry on May 16, 2008. Wife relates that the order was entered almost two years before the motion for contempt was filed and that the parties did not have notice that the order was subject to review.

"A judgment in a civil case becomes final if a notice of appeal is not filed within thirty days after the entry of a final judgment or an order denying a timely filed Tenn. R. Civ. P. 59 motion." *Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004). However, "[i]f a judgment or decree is, for any reason, void or voidable, as where vitiated by fraud, accident, or mistake, or where the court had no jurisdiction of the person or of the subject matter, such a judgment may be enjoined." *Overby*, 457 S.W.2d at 852; *see also Chappell v. Chappell*, 261 S.W.2d 824, 831 (Tenn. Ct. App. 1952). Additionally, in determining whether Husband was in contempt, the court must have considered whether Husband's conduct was willful. Tenn. Code Ann. § 29-9-102(3). In making that determination, the court had to consider the content of the order and the circumstances in which the order was entered. Accordingly, we conclude that the court had jurisdiction to consider the validity of the order, the circumstances surrounding the entry of the order, and the order's resulting impact upon Husband.

C.

Having concluded that the dismissal of the motion to show cause was proper and that Husband did not willfully disregard the order, we will not address the issue as to whether Husband should have followed the order until it was reversed.

D.

Having concluded that dismissal of the motion to show cause was proper, we will not address the issue as to whether the dismissal was proper because the May 2008 order was not an order of protection.

# V. CONCLUSION

The judgment of the trial court is affirmed, and the cause is remanded for such further proceedings as may be necessary. Typically, in cases involving an order of protection, this court does not tax costs to the petitioner pursuant to Tennessee Code Annotated section 36-3-617(a)(1). While this case originated with Wife's filing of an ex parte order of protection and the court's filing of several subsequent orders of protection, this case ultimately involved the denial of contempt from a stand-along order regarding the division of the parties' mortgage payments. Accordingly, we do not believe that our taxing of the costs to Wife is contrary to Tennessee Code Annotated section 36-3-617(a)(1). Costs of the appeal are taxed to the appellant, Misty Nanette Brooks.

_____
JOHN W. McCLARTY, JUDGE