# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 19, 2016 Session

## STATE OF TENNESSEE EX REL. BARBARA E. CATALANO v. WILLIAM R. WOODCOCK

### Interlocutory Appeal from the Fourth Circuit Court for Knox County
No. 129834     Gregory S. McMillan, Judge

---

### No. E2015-01877-COA-R9-CV-FILED-JULY 5, 2016

---

In this post-divorce child support case, we granted interlocutory appeal to determine whether the Knox County Fourth Circuit Court ("trial court") erred by finding that the mother was entitled to ongoing and/or retroactive child support from the father for the parties' adult disabled child. In October 2001, the mother had been granted a default divorce judgment by the Rutherford County Circuit Court ("divorce court") upon constructive notice by publication to the father. As to child support for the parties' only child, who was then seventeen years old, the divorce court reserved the issue pending personal service of process upon the father. In March 2014, the State of Tennessee, acting on behalf of the mother, filed a petition to set child support. Prior to the petition's filing, no child support obligation had been set. Following a hearing, the child support magistrate recommended that the trial court consider the reservation of child support to be a prior child support order and find that it could exercise jurisdiction to set child support. Anticipating an appeal, the magistrate declined to set the amount of the father's child support obligation. On appeal to the trial court judge, the trial court affirmed the magistrate's recommendation. Upon the father's application, the trial court and this Court, respectively, granted permission for interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. Having determined that any portion of the divorce judgment concerning child support is void *ab initio* due to the divorce court's lack of personal jurisdiction over the father, we conclude that the divorce judgment contains no valid child support order. Pursuant to Tennessee Code Annotated § 36-5-101, we further determine that the trial court lacks subject matter jurisdiction to set the father's child support obligation for the disabled adult child. We therefore vacate the trial court's finding regarding subject matter jurisdiction and dismiss the petition.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Theodore R. Kern, Knoxville, Tennessee, for the appellant, William R. Woodcock.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Rachel E. Buckley, Assistant Attorney General, for the appellee, State of Tennessee *ex rel.* Barbara E. Catalano.

**OPINION**

I.  Factual and Procedural Background

The original plaintiff, Barbara E. Catalano ("Mother"), filed a complaint for divorce on June 29, 2001, alleging, *inter alia*, that the defendant, William R. Woodcock ("Father"), had left the marital home in August 2000.  One child was born of the marriage, J.L.W. ("the Child"), who was then seventeen years of age, legally blind, and had been born with Down syndrome.  As pertinent to this action, Mother averred in her divorce complaint that the Child was disabled and in need of permanent child support. The divorce court subsequently entered a "Temporary Injunction" on July 11, 2001, setting forth statutory injunctions pursuant to Tennessee Code Annotated § 36-4-106 and enjoining Father from "transferring, assigning, canceling, modifying or terminating" funds deposited monthly in Mother's bank account from Father's military retirement benefits.  The record on appeal contains no documentation of returned service of process for either the complaint or the temporary injunction.

On July 20, 2001, the divorce court clerk entered an Order of Publication, which authorized notice to Father by publication in the *Daily News Journal* in Murfreesboro, Tennessee, on four dates in 2001:  July 26, August 2, August 9, and August 16.  The order referenced Mother's sworn complaint in stating that Father "resides out of the State and cannot be personally served with process . . . ."  Mother did not indicate in her complaint, however, that Father resided out of state or that personal service of process would not be possible.  No motion for publication or affidavit regarding the reasons for publication appears in the record on appeal.

Following the notice by publication, Mother filed a motion for default judgment on September 17, 2001.  The divorce court subsequently entered a default judgment of divorce in favor of Mother on October 16, 2001.  The court granted to Mother exclusive custody of the Child.  As relevant to this appeal, the court stated in the divorce judgment:

2

It is further **ORDERED** that the issues of husband's [Father's] obligation to pay child support, both during the minority of the child and indefinitely, due to the child's disability, husband's obligation to maintain medical insurance on the parties['] minor child, life insurance on husband's life, and all other issues pertaining to the minor child, are hereby reserved pending service of process upon husband.

Mother took no further legal action regarding child support until October 28, 2013, when Tennessee Child Support Enforcement Services requested transfer of the case to the trial court on Mother's behalf. Upon transfer of the case, the State filed a petition to set child support and award retroactive child support on March 10, 2014. Father filed a response, arguing that, pursuant to Tennessee Code Annotated § 36-5-101(k),[1] the trial court could exercise subject matter jurisdiction to "continue" child support for an adult disabled child only if support had been set by order prior to the Child's reaching the age of majority.

Following a hearing conducted on January 6, 2015, the child support magistrate found that the Child, who was by then twenty-nine years old, was a disabled child according to the statutory criteria for continuing child support. *See* Tenn. Code Ann. § 36-5-101. The magistrate also found that in reserving the child support obligation pending personal service of process upon Father, the divorce court had entered an order regarding child support and thereby preserved Mother's right to pursue child support. In findings and recommendations entered on January 23, 2015, the magistrate nonetheless declined to set the amount of Father's child support obligation, noting that Father's appeal to the trial court judge was anticipated. *See* Tenn. Code Ann. § 36-5-405(g)-(h) (2014) (providing that upon conclusion of a support hearing before a magistrate, "the magistrate shall transmit to the judge all papers relating to the case, along with the magistrate's findings and recommendations in writing," with the case to be reheard by the judge if so requested within five days by any party or on the judge's own motion).

Upon Father's appeal, the trial court judge affirmed the magistrate's findings and recommendations. In an order entered March 16, 2015, the court stated in relevant part:

> The [divorce] Complaint avers and prays that the trial court should address child support during minority and "permanently" as a result of the child's physical and mental disability. There was no personal service of the Complaint for Divorce and the trial court proceeded to grant the divorce

---

[1] As we will explain more fully in a subsequent section of this opinion, the applicable version of the pertinent subsection is that in effect at the time of the divorce complaint's filing in 2001, which was then designated -101(p). The General Assembly re-designated the subsection as -101(k) in 2005. *See* 2005 Pub. Acts Ch. 287 § 1 (S.B. 2091).

3

relying upon service by publication. The Final Decree, entered during the minority of the child, states that it reserves, "pending service of process upon [Father]," the issue of child support "both during the minority of the child and indefinitely, due to the child's disability, . . ." This Court finds that the trial court's order is a child support order irrespective of the fact that no amount of support was set.

This Court has jurisdiction to proceed to determine [Father's] child support obligation for the parties' minor child as this proceeding is a modification of a valid existing child support order.

The trial court therefore determined that it possessed subject matter jurisdiction to modify the existing child support order and set child support. Upon Father's oral motion for interlocutory appeal, the court reserved calculation of Father's child support obligation pending the thirty-day time period allowed for Father to file an application for interlocutory appeal. *See* Tenn. R. App. P. 9(b). Father timely filed the application, and the trial court entered an agreed order granting permission for interlocutory appeal on September 24, 2015. Upon Father's subsequent motion, this Court granted Father's application for interlocutory appeal.

## II. Issue Presented

Pursuant to Tennessee Rule of Appellate Procedure 9, "we are limited on appeal to the questions certified by the trial court in its order granting permission to seek an interlocutory appeal and in this Court's order granting the appeal." *In re Bridgestone/Firestone & Ford Motor Co. Litig.*, 286 S.W.3d 898, 902 (Tenn. Ct. App. 2008). The trial court in its order granting permission for interlocutory appeal stated the certified issue as follows:

Whether Petitioner [Mother] is entitled to ongoing and/or retroactive child support.

In its order granting Father's application for permission to proceed on interlocutory appeal, this Court emphasized that the issue on appeal would be that previously certified by the trial court.

## III. Standard of Review

Whether a court possesses subject matter jurisdiction over an action is a matter of law, which we review *de novo* with no presumption of correctness. *See Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015); *In re Estate of Brown*, 402 S.W.3d 193, 198 (Tenn.

4

2013). Likewise, "'[a] decision regarding the exercise of personal jurisdiction over a defendant involves a question of law' to which de novo review applies . . . ." *Turner*, 473 S.W.3d at 268 (quoting *Gordon v. Greenview Hosp., Inc.,* 300 S.W.3d 635, 645 (Tenn. 2009)). "[D]e novo review also applies when we are interpreting the Tennessee Rules of Civil Procedure . . . ." *Turner*, 473 S.W.3d at 268 (citing *Thomas v. Oldfield,* 279 S.W.3d 259, 261 (Tenn. 2009)). To the extent that we need also review the factual findings of the trial court, we presume those findings to be correct and will not overturn them unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Morrison v. Allen*, 338 S.W.3d 417, 425-26 (Tenn. 2011). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006).

Our Supreme Court has summarized the principles involved in statutory construction as follows:

> When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009).

5

Determinations regarding child support are reviewed under an abuse of discretion standard. *See Mayfield v. Mayfield*, 395 S.W.3d 108, 114-15 (Tenn. 2012); *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). "This standard requires us to consider (1) whether the decision has a sufficient evidentiary foundation, (2) whether the court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000).

## IV. Jurisdiction to Set Current and Retroactive Child Support

Father contends that the trial court erred by finding that the 2001 divorce judgment reserving child support was a valid child support order. Father argues that because no valid child support order was in place prior to the Child's reaching majority, the trial court does not now have subject matter jurisdiction to set ongoing child support or award support retroactively. The State argues that at the time of the divorce judgment, Mother invoked the subject matter jurisdiction of the trial court by requesting child support. The State further argues that in reserving the issue of child support in the divorce judgment, the divorce court established its subject matter jurisdiction over child support, which it then purportedly transferred to the trial court. Upon our thorough review of the record and applicable authorities, we conclude that because the divorce court lacked personal jurisdiction over Father to enter a child support order concomitant with the divorce judgment, no prior child support order exists in this case. We agree with Father that pursuant to Tennessee Code Annotated § 36-5-101, the trial court lacks subject matter jurisdiction to set child support for the disabled adult Child.

As our Supreme Court has explained:

> In order to adjudicate a claim, a court must possess both subject matter jurisdiction and personal jurisdiction. *Brown v. Brown*, 155 Tenn. 530, 296 S.W. 356 (1927). Subject matter jurisdiction relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority which organizes the court. *Cooper v. Reynolds*, 77 U.S. 308, 10 Wall. 308, 19 L.Ed. 931 (1870); *Turpin v. Conner Bros. Excavating Co., Inc.*, 761 S.W.2d 296, 297 (Tenn. 1988). Personal jurisdiction, by contrast, refers to the court's authority to adjudicate the claim as to the person. *Id.*

*Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994).

## A. Divorce Court's Lack of Personal Jurisdiction over Father

Although Father does not directly raise the issue of whether the divorce court obtained personal jurisdiction over him at the time of the divorce judgment's entry, he does note on appeal that "[t]he record in this case does not contain [Mother's] motion for service by publication or any other information concerning [Mother's] knowledge of [Father's] address at the time . . . ." We now address the issue of personal jurisdiction *sua sponte* because we find the issue to be dispositive in determining whether a child support order was in place prior to the State's 2014 petition to set child support. *See Witt v. Witt*, 929 S.W.2d 360, 362 (Tenn. Ct. App. 1996) ("[T]he court may, *sua sponte*, set aside a void order or a void agreement incorporated within an order or decree."); *see also Corbin v. Corbin*, No. W2008-00437-COA-R3-CV, 2009 WL 454134 at *4 (Tenn. Ct. App. Feb. 24, 2009).

As our Supreme Court has recently summarized, "[t]he lawful authority of a court to adjudicate a controversy brought before it depends upon that court having jurisdiction of the subject matter and jurisdiction of the parties." *Turner*, 473 S.W.3d at 269. Accordingly, "[a] judgment rendered by a court lacking either personal or subject matter jurisdiction is void." *Id.* at 270. A judgment "will be held void only when 'its invalidity is disclosed by the face of that judgment, or in the record of the case in which that judgment was rendered.'" *Id.* (quoting *Giles v. State ex rel. Giles,* 235 S.W.2d 24, 28 (1950)).[2] As relevant to the instant divorce court's personal jurisdiction over Father to enter a child support order, "[t]rial courts must have personal jurisdiction over both parties in order to adjudicate child support claims." *See Roderick v. Roderick*, 776 S.W.2d 533, 535 (Tenn. Ct. App. 1989) (citing *Overby v. Overby,* 457 S.W.2d 851, 852 (1970)).

Regarding the process by which a court obtains personal jurisdiction over a defendant, our Supreme Court has explained:

> A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer,* 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012); *see also Johnson v. McKinney,* 32 Tenn. App. 484, 222 S.W.2d 879, 883 (1948) ("The general rule is that notice by service of process *or in some other manner provided by law* is essential to give the court

---

[2] In contrast, "[i]f the defect allegedly rendering the challenged judgment void is not apparent from the face of the judgment or the record of the proceeding from which the challenged judgment emanated and must instead be established by additional proof, the judgment is merely voidable, not void." *Turner*, 473 S.W.3d at 271.

jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle." (emphasis added)). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay,* 387 S.W.3d at 568; *see also Overby v. Overby,* 224 Tenn. 523, 457 S.W.2d 851, 852 (1970) ("That a judgment [i]n personam against a defendant who is not before the court either by service of process or by entry of appearance is void there can be no question. It is well settled that a judgment rendered against a defendant in any kind of a case, when process has never been served on him . . . *in the way provided by law . . .*; and where there has been no voluntary appearance of the defendant, *is clearly void.*" (emphasis added) (citation and internal quotation marks omitted)). A court "without personal jurisdiction of the defendant" is wholly "without power to proceed to an adjudication" binding on that defendant, regardless of the specific reason such jurisdiction is lacking. *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 381, 57 S.Ct. 273, 81 L.Ed. 289 (1937).

*Turner*, 473 S.W.3d at 271.

Tennessee Rule of Civil Procedure 4.08 provides: "In cases where constructive service of process is permissible under the statutes of this state, such service shall be made in the manner prescribed by those statutes, unless otherwise expressly provided in these rules." *See Turner,* 473 S.W.3d at 274 ("With respect to constructive service, the Tennessee Rules of Civil Procedure generally defer to the statutes."). As relevant to this case, Tennessee Code Annotated § 21-1-203 (2009)[3] provides for exceptions to personal service as follows:

(a) Personal service of process on the defendant in a court of chancery is dispensed with in the following cases:

(1) When the defendant is a nonresident of this state;

(2) When, upon inquiry at the defendant's usual place of abode, the defendant cannot be found so as to be served with process, and there is just ground to believe that the defendant is gone beyond the limits of the state;

---

[3] We note that Tennessee Code Annotated §§ 21-2-203 to -204 have remained unchanged since the 2001 commencement of the instant divorce action.

8

(3)      When the sheriff makes return upon any leading process that the defendant is not to be found;

* * *

(5)      When the residence of the defendant is unknown and cannot be ascertained upon diligent inquiry; . . . .

(b)      To dispense with process in any of the cases listed in subsection (a), the facts shall be stated under oath in the bill, or by separate affidavit, or appear by the return.

Inasmuch as a complaint for divorce may be filed in "the chancery or circuit court or other court having divorce jurisdiction," *see* Tenn. Code Ann. § 36-4-105(a) (2014), section 21-1-203 applies equally to divorce actions filed in circuit court, such as the one at issue here. *See* Tenn. Code Ann. § 36-4-108(a) (2014) (providing that a divorce "complainant . . . shall have the usual process to compel the defendant to appear and answer the bill, or it may be taken for confessed, as in other chancery cases.").

Regarding the procedure for service by publication, Tennessee Code Annotated § 21-1-204 (2009) provides in relevant part:

(a)      In case personal service is not used, if the defendant does not cause an appearance to be entered, the clerk, as soon as the necessary affidavit is made, shall enter upon the rule docket an order requiring the defendant to appear at a certain day named in the order, being a rule day, and defend, or otherwise the bill will be taken for confessed.

(b)      The clerk shall forthwith cause a copy of this order to be published for four (4) consecutive weeks in the newspaper mentioned in the order or designated by the general rules of the court.

(c)      The order for publication in lieu of personal service may be made at any time after the filing of the bill. The order of publication should contain the names of the parties, the style of the court in which the proceedings are had and the name of the place where the court is held, without any brief or abstract of facts, unless directed by the court.

* * *

9

(e)     Evidence of the publication in pursuance of the order may be by affidavit of the printer or actual production of the newspaper in court.

"[B]ecause service of process is not 'a mere perfunctory act' but has 'constitutional dimensions,' a plaintiff who resorts to constructive service by publication must comply *meticulously* with the governing statutes." *Turner*, 473 S.W.3d at 274 (emphasis in original) (quoting *In re Z.J.S.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854 at *6 (Tenn. Ct. App. June 3, 2003)).

In the case at bar, the divorce court found in the 2001 judgment that it had obtained "constructive service of process by publication" on Father, "with no answer or responsive pleadings being filed and with the court noting that [Father] failed to appear in court . . . ." Based on the record before us, however, we determine that the divorce court did not obtain personal jurisdiction over Father through the attempted service by publication. The Order of Publication, entered by the divorce court clerk pursuant to Tennessee Code Annotated § 21-1-204(a), stated as the reason for notice by publication:

It appearing from the complaint in this cause, which is sworn to, that [Father] resides out of the State and cannot be personally served with process, it is ordered that publication be made . . . .

The Order of Publication was thus based on the statutorily permissible exception of non-residence in the State. *See* Tenn. Code Ann. § 21-1-203(a)(1). In her motion for default judgment, Mother, acting through her divorce counsel, stated: "As a basis for this motion and in support thereof, wife [Mother] would state and show to the court that wife's complaint for absolute divorce was filed on June 29, 2001, with attempted service returned 'not to be found[.']" Mother thereby referenced the permissible exception set forth in subsection -203(a)(2), which provides for service by publication "[w]hen, upon inquiry at the defendant's usual place of abode, the defendant cannot be found so as to be served with process, and there is just ground to believe that the defendant is gone beyond the limits of the state; . . . ." However, the motion for default judgment has no affidavit attached or any documentation of return of service.

Moreover, the record before us contains no statement made under oath or by affidavit that service of process had been attempted on Father at his usual place of abode or last known residence, and the record contains no statement made under oath or affidavit delineating facts supporting the allegation that Father was no longer in the state. *See* Tenn. Code Ann. § 21-1-203(b) ("To dispense with process in any of the cases listed in subsection (a), the facts shall be stated under oath in the bill, or by separate affidavit,

10

or appear by the return."). We note that "when determining whether a judgment is void, a court must confine its review to the record of the proceeding from which the judgment emanated." *Turner*, 473 S.W.3d at 275.

Upon our careful review of the record, we determine that the State, acting on behalf of Mother in this action, has failed to demonstrate that Mother submitted the statutorily required documentation—whether by oath in the bill, separate affidavit, or return of service—of the facts necessitating service by publication in lieu of personal service prior to the divorce court's reliance on said publication. *See* Tenn. Code Ann. § 21-1-203(b). We therefore conclude that any portion of the divorce court's judgment related to child support was void *ab initio* because the divorce court lacked personal jurisdiction over Father. *See, e.g., Overby v. Overby*, 457 S.W.2d 851, 852 (1970) ("The action of the Circuit Court in entering its judgment against [the father] for $150.00 for the support of the child of the parties was void because he was not before the court by service of process or by a general appearance.").

In so concluding, we emphasize that because subject matter jurisdiction over the parties' divorce and personal jurisdiction over the parties are not synonymous, we determine only that any portion of the divorce court's judgment addressing child support is void for lack of personal jurisdiction over Father. We make no such determination regarding the remainder of the divorce court's judgment. *See, e.g., Overby*, 457 S.W.2d at 852 (finding only the child support judgment within the divorce decree void for lack of personal jurisdiction over the father); *Pittman v. Pittman*, Nos. 01-A-01-9301-CH-00014, 1994 WL 456348 at *4 (Tenn. Ct. App. Aug. 24, 1994) (declaring an award of spousal support void as outside the pleadings while allowing the valid portions of the judgment to stand).

## B. Trial Court's Lack of Subject Matter Jurisdiction

The State does not dispute Father's argument that because the applicable statute provides for child support to "continue" beyond the age of majority for a severely disabled adult child, the trial court can only exercise subject matter jurisdiction to enter a child support order in this case if a prior child support order exists. We agree with the parties on this point. As the State notes, the version of the applicable statute governing this case is the one in effect at the time of the divorce complaint's filing in 2001. *See, e.g., Shaw v. Shaw*, No. W2010-02369-COA-R3-CV, 2011 WL 4379052 at *4 (Tenn. Ct. App. Sept. 21, 2011 (noting on appeal of a trial court's modification of child support from a prior divorce judgment that the applicable version of the statute was the one in effect at the time of the divorce complaint's filing) (citing *Shell v. State*, 893 S.W.2d 416, 419 (Tenn. 1995)).

The applicable version of Tennessee Code Annotated § 36-5-101(p)(1)-(2), provided:

> (p)(1) Except as provided in subdivision (p)(2), the court may continue child support beyond a child's minority for the benefit of a child who is handicapped or disabled, as defined by the Americans with Disabilities Act, until such child reaches twenty-one (21) years of age.
>
> (2) Provided, that such age limitation shall not apply if such child is severely disabled and living under the care and supervision of a parent and the court determines that it is in the child's best interest to remain under such care and supervision and that the obligor is financially able to continue to pay child support. In such cases, the court may require the obligor to <u>continue</u> to pay child support for such period as it deems in the best interest of the child.

(emphasis added); *see also In re Conservatorship of Jones*, No. M2004-00173-COA-R3-CV, 2004 WL 2973752 at *3 (Tenn. Ct. App. Dec. 22, 2004).

Effective July 1, 2005, the General Assembly rewrote and amended Tennessee Code Annotated § 36-5-101, *inter alia*, re-designating subsection (p) as subsection (k). *See* 2005 Pub. Acts Ch. 287 § 1 (S.B. 2091). In 2008, the General Assembly amended Tennessee Code Annotated § 36-5-101(k) to add the following provision to subpart (2):

> [;] provided, however, that, if the severely disabled child living with a parent was disabled prior to this child attaining eighteen (18) years of age and if the child remains severely disabled at the time of entry of a final decree of divorce or legal separation, then the court may order child support regardless of the age of the child at the time of entry of the decree.

*See* Pub. Acts, Ch. 868 § 3 (H.B. 3044). Recognizing that the 2008 amendment does not apply to this action, we nonetheless note that if a valid child support order had been entered at the time of the final divorce decree, a continuation of that child support obligation for the severely disabled Child would have been allowed under either version of the statute under the circumstances of this case.

The trial court, in finding that it possessed jurisdiction to set Father's child support obligation, noted this Court's holding in *In re Conservatorship of Jones*, 2004 WL 2973752 at *13 ("[I]n applying section 36-5-101(p)(2), we must conclude that a trial

court has the authority to 'continue child support' for a severely disabled child only where an order awarding support was entered when the child was a minor, or as a modification of any other valid child support order."); *see also* Shaw, 2011 WL 4379052 at *4 (citing *In re Conservatorship of Jones* with approval and vacating the portion of the divorce judgment requiring the father to pay child support for a disabled child who had reached the age of eighteen prior to commencement of the divorce action). As the trial court in this case correctly surmised, it could only exercise subject matter jurisdiction to enter a child support order if a prior child support order had been entered by the divorce court during the Child's minority. Noting that the Child was seventeen years old when the divorce judgment was entered, the trial court found that, pursuant to the applicable version of the statute, it possessed subject matter jurisdiction to set child support based on the reservation of child support in the divorce judgment. However, having determined that any order within the divorce judgment regarding child support was void *ab initio* for lack of personal jurisdiction over Father, we disagree.

We conclude that the trial court lacked subject matter jurisdiction to set Father's child support obligation because no prior child support order existed. We therefore vacate the trial court's finding regarding subject matter jurisdiction and dismiss the State's petition to set child support. *See, e.g., Osborn v. Marr*, 127 S.W.3d 737, 741 (Tenn. 2004) ("[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal.") (quoting *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)).

## V. Conclusion

For the reasons stated above, we vacate the trial court's finding that it possessed subject matter jurisdiction to set child support in this matter. We dismiss the State's petition to set child support. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below. Costs on appeal are taxed to the appellee, the State of Tennessee, *ex rel.* Barbara E. Catalano.

_____
THOMAS R. FRIERSON, II, JUDGE