FILED

07/28/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 2, 2022

## HARMON L. MADDOX v. TAJUANA ROCHELL MADDOX

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC-2017-CV-656      Ross H. Hicks, Judge**

_____

## No. M2021-00609-COA-R3-CV

_____

A wife sought relief from a default judgment that granted her husband a divorce and awarded him alimony. The wife argued that the trial court lacked jurisdiction to enter the default because she was not properly served with the complaint and that jurisdiction was not proper under Tenn. Code Ann. § 20-2-214. The trial court denied the wife's Tenn. R. Civ. P. 60.02 motion. Finding that the wife was entitled to a hearing on her Tenn. R. Civ. P. 60.02 motion, we reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, JJ., joined.

B. Nathan Hunt and Cole Prescott Corder, Clarksville, Tennessee, for the appellant, Tajuana Rochell Maddox.

Harmon L. Maddox, Cambridge, Maryland, pro se.

On March 27, 2017, Harmon L. Maddox ("Husband") filed a Complaint for Absolute Divorce from Tajuana Rochell Maddox ("Wife") on the grounds of irreconcilable differences and inappropriate marital conduct. On May 30, 2018, Husband filed a Motion for Default and Final Notice of Hearing stating that Wife was served with the Complaint on October 13, 2017, and she failed to file a responsive pleading or defend against the action. Husband attached an income and expense statement to his motion for default showing his total monthly expenses were $3,997, his net income was $3,121, and his monthly deficit was $876. The circuit court held a hearing on July 27, 2018, and on November 8, 2018, the trial court entered a Final Decree by default, granting Husband a divorce on the ground of irreconcilable differences, ordering Wife to pay Husband alimony in the amount of $800 per month for a period of eighteen months, and awarding Husband one half of the value of Wife's Federal Thrift Savings Plan from the date of marriage to the date of divorce.

A little over two years later, on December 14, 2020, Husband filed a Petition for Civil Contempt and Wage Assignment Order stating that Wife had failed to make any alimony payments and that she failed to provide him with half of the money from the Federal Thrift Savings Plan. On March 6, 2021, Wife filed a Motion to Set Aside Final Decree and Motion to Dismiss asserting that: "Wife was never personally served with the *Complaint for Absolute Divorce* in this matter and had no notice that a divorce action was filed against her with this Court despite the return of summons filed by Husband . . . ." Wife stated that the address listed on the return of summons filed by Husband was the Prince Hall Masonic Temple in Indiana where she attended a baby shower but did not receive service. Wife further asserted that she never resided in Tennessee, and therefore the court lacked jurisdiction pursuant to Tenn. Code Ann. § 20-2-214(a)(7).[2] As an exhibit

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Tennessee Code Annotated section 20-2-214(a)(7) states as follows:

> (a) Persons who are nonresidents of this state and residents of this state who are outside the state and cannot be personally served with process within this state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
> . . .
> > (7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, notwithstanding one party's subsequent departure from this state, as to all obligations arising for alimony,

to her motion, Wife attached her own affidavit in which she reiterated that she was never served with the complaint for divorce and had never resided in Tennessee during her marriage to Husband. She also provided an affidavit of her daughter who stated that she attended the baby shower with her mother but that "to my knowledge, my mother was never served with the Complaint for Absolute Divorce in this matter."

On April 1, 2021, Husband filed an "Answer" to Wife's Motion stating that Wife "has a history of evading service" and that Husband's attorney "hired three or four process servers in Indianapolis to try to have Wife served." In support of this statement, Husband attached several documents and affidavits of non-service showing that service was attempted on Wife but was unsuccessful for various reasons, such as "respondent no longer works at this location"; security officer "advised they would not let me in the building"; "no answer at the door . . . neighbor could not confirm residency." He also attached a civil summons and affidavit of service as exhibits to his motion. On the civil summons, the process server wrote that he served the complaint and summons "individually/personally on 9/2 @ 4:18 pm Tijuanna Maddox at 2201 Central Avenue Indpls, IN."[3] On the affidavit of service, he stated that he delivered the summons and complaint to Wife at "575 N. Pennsylvania Avenue, (3rd Floor GSA Office), Indianapolis, IN."[4] In the space for "Additional Information pertaining to this Service," he further stated:

> [Wife] came outside and was standing talking to another lady and they were standing in front of two Mercedes-Benz one was white one w[as] silver she refused to admit that she was T[a]juana Rochelle [sic] Maddox and would not except [sic] service so I dropped it on the ground at her feet and walked off. When I got near my truck she yelled you didn't put it in my hand so it doesn't count[.] I informed her in Indiana it does count[.]

On April 5, 2021, the trial court heard Wife's motion on the pleadings[5] and denied her motion to dismiss by order entered April 9, 2021.

On April 9, 2021, Wife filed a Motion to Reconsider and for Hearing Via Zoom. Wife stated that she was not able to file a response to Husband's Answer because it was

---

custody, child support or marital dissolution agreement, if the other party to the marital relationship continues to reside in this state.

[3] This address is for Prince Hall Masonic Lodge Temple Association.

[4] The address listed on the Affidavit of Service is for an office building.

[5] The trial court did not hold an evidentiary hearing, it ruled on Wife's motion on the pleadings and entered a "Hearings on the Pleadings Results Form" that explained: "In accordance with Tennessee Supreme Court Orders in re: Covid-19 encouraging the continued use and increase[d] use of telephone, teleconferencing, email, video conferencing or other means that do not involve in-person contact and in accordance with the Order, the following Motion(s) were set and heard on the pleadings . . . ."

heard by the court on the pleadings four days after Husband's Answer was filed. She characterized Husband's response to her motion as "inaccurate and misleading" and noted the discrepancy on the addresses included on the affidavit of service and the civil summons; she also emphasized her argument that she never lived in Tennessee during the marital relationship, and therefore, the court lacked jurisdiction. Husband filed a response to Wife's motion stating that the following information "negates the disputed facts of service":

> Husband has obtained Court filings from the Hamilton County[, Indiana] Superior Court wherein Wife filed for divorce . . . on August 31, 2017, five (5) months after Husband filed in Montgomery County, TN. The Domestic Relations Appearance filed by Wife's attorney, Robin Clay, is attached as Exhibit A. This pleading filed on August 31, 2017 @ 9:13 p.m. states in paragraph six as follows:
>
> > "6. Are there now or have there been within the last twelve months pending related cases? Answer: Yes. If yes, list the case and cause numbers below: Maddox v. Maddox 63CC-2017-CV656 (Tenn.)."

Husband further stated that the divorce case Wife filed in Hamilton County, Indiana "was eventually dismissed due to inactivity." Husband disputed Wife's claim that he was not a resident of Clarksville, Tennessee at the time of filing for divorce and asserted that he had been a Tennessee resident for one year preceding the filing of the complaint.

Again, the trial court heard Wife's motion on the pleadings and denied the motion, finding that "personal service in the Tennessee divorce action was achieved as evidenced by the executed summons and affidavit of service"; that "Wife was aware of the divorce case in Montgomery County, Tennessee prior to being served on September 2, 2017"; that "her Affidavit filed in her Motion is clearly false"; and that her failure to file an answer to Husband's complaint to raise the issue of in personam jurisdiction "constitutes a waiver of the issue under T.R.C.P. 8.03." The trial court filed an amended order specifying that the order "constitutes a final order for purposes of appeal."

Wife appeals and raises the following issues: Whether the trial court erred in failing to set aside the final decree for lack of service or lack of jurisdiction, or alternatively, whether the case should be remanded for a full evidentiary hearing. Husband has elected not to file an appellate brief.

STANDARD OF REVIEW

Ordinarily, this Court reviews a trial court's decision concerning whether a default judgment should be set aside under an abuse of discretion standard. *See Discover Bank v.*

- 4 -

*Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012); *Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509 (Tenn. Ct. App. 2010). However, when reviewing a trial court's decision on a motion alleging that a judgment is void for lack of jurisdiction under Tenn. R. Civ. P. 60.02(3), we apply a de novo review, with no presumption of correctness. *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015); *see also Amresco Indep. Funding, LLC v. Renegade Mountain Golf Club, LLC*, No. E2014-01160-COA-R3-CV, 2015 WL 1517921, at *2 (Tenn. Ct. App. Mar. 31, 2015) (noting that the issue of sufficiency of service of process is a "question of law which is reviewed de novo . . . without a presumption of correctness."). The party requesting relief from judgment must "establish by clear and convincing evidence that the judgment was void." *Hussey v. Woods*, 538 S.W.3d 476, 485 (Tenn. 2017). Clear and convincing evidence leaves "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "We note that courts should 'construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits.'" *Bane v. Bane*, No. E2018-00790-COA-R3-CV, 2019 WL 2714081, at *5 (Tenn. Ct. App. June 28, 2019) (quoting *Patterson*, 328 S.W.3d at 512; *see also Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003).

ANALYSIS

It is a well-settled legal principle that "[t]he law does not favor default judgments because the interests of justice are ordinarily best served by trials on the merits." *Karr v. Gibson*, No. 01A01-9605-CH-00220, 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (citing *Tenn. Dep't. of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985); *Coin Automatic Co., Inc. v. Est. of Dixon*, 375 S.W.2d 858, 862 (Tenn. 1963)); *Henry*, 104 S.W.3d at 481. Rule 55.02 of the Tennessee Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."[6] As is relevant to this case, pursuant to Tenn. R. Civ. P. 60.02(3), a default judgment can be set aside upon proof that "the judgment itself is void." *Third Nat'l Bank of Nashville v. Estes*, No. 85-142-II, 1986 WL 3155, at *4 (Tenn. Ct. App. Mar. 12, 1986) (citing *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100-01 (Tenn.

---

[6] Rule 60.02 provides:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

1984); *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978)). Void judgments are "subject to attack at any time." *Turner*, 473 S.W.3d at 277.

"A judgment rendered by a court lacking either personal or subject matter jurisdiction is void." *Ebulueme v. Onoh*, No. M2018-00742-COA-R3-CV, 2019 WL 2246621, at *3 (Tenn. Ct. App. May 24, 2019) (citing *Ins. Corp. of Ireland, Ltd. v. Campagnie des Bauzites de Guinee*, 456 U.S. 694, 694 (1986); *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013); *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996)). Service of process is an essential step in a proceeding because it allows the trial court to acquire jurisdiction of the parties. *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (citing *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006)). "'Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure.'" *Id.* (quoting *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. July 24, 1996)); *see also In re Beckwith Church of Christ*, No. M2015-00085-COA-R3-CV, 2016 WL 5385853, at *3 (Tenn. Ct. App. Sept. 23, 2016). If service fails to comply with Tenn. R. Civ. P. 4, it is void (or voidable) and may not serve as the basis of a default judgment. *Ramsay v. Custer*, 387 S.W.3d 566, 569 (Tenn. Ct. App. 2012); *Turner*, 473 S.W.3d at 270-71. "[S]ervice of process that does not meet the requirements of [Tenn. R. Civ. P. 4] is void and a judgment [sic] based on void service is a void judgment." *Ramsay*, 387 S.W.3d at 569; *see also Overby v. Overby*, 457 S.W.2d 851, 852 (Tenn. 1970). Service in conformance with Tenn. R. Civ. P. 4 is of paramount importance because "actual notice of the lawsuit is not 'a substitute for service of process when the Rules of Civil Procedure so require.'" *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) (quoting *Frye v. Blue Ridge Neurosci. Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002)); *see also Villalba v. McCown*, No. E2018-01433-COA-R3-CV, 2019 WL 4130794, at *7 (Tenn. Ct. App. Aug. 30, 2019) ("A plaintiff may not rely on a defendant's actual knowledge of a lawsuit in lieu of service of process.").

Turning to the facts of this case, in order to uphold the default judgment entered against Wife, the record must show that Husband met the procedural requirements for service of process. Tennessee Rule of Civil Procedure 4.05 sets forth the manner in which service of process may be accomplished on an out-of-state individual:

(1) Whenever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made:
(a) by any form of service authorized for service within this state pursuant to Rule 4.04;
(b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state;
(c) as directed by the court.

Rule 4.04(1) is the applicable provision in this case and requires the following:

The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:

(1) Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

In this case, Wife asserts (and she averred under penalty of perjury in her declaration) that the trial court lacked personal jurisdiction over her because she "was never served with a copy of the *Complaint for Absolute Divorce* in this matter." In contrast, Husband provided a Civil Summons and Affidavit of Service indicating that Wife was served on September 2, 2017.[7] The Civil Summons and Affidavit of Service included two different Indianapolis, Indiana addresses where service allegedly took place: 2201 Central Avenue and 575 N. Pennsylvania Avenue (3rd Floor GSA Office), respectively. Despite the conflicting materials submitted by the parties, the trial court ruled on Wife's Rule 60.02 motion on the pleadings; thus, Wife was unable to conduct discovery or present testimony at a hearing despite her request for a hearing. In light of the discrepancies in the materials submitted by Husband, and because we must "'construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits,'" we find that the case should be remanded to the trial court for a hearing on Wife's Tenn. R. Civ. P. 60.02 motion to ensure that service was proper and jurisdiction is appropriate in the divorce matter. *See Bane*, 2019 WL 2714081, at *5 (citing *Patterson*, 328 S.W.3d at 512). The fact that Wife may have known about a pending suit for divorce is no substitute for service in compliance with Tenn. R. Civ. P. 4.04. *See Hall*, 319 S.W.3d at 572.

We note, however, that even if the trial court lacked jurisdiction, the court may deny relief in certain "exceptional circumstances." *Turner*, 473 S.W.3d at 279. In particular, a court should deny relief if: "(1) The party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid"; and (2) "Granting the relief would impair another person's substantial interest of reliance on the judgment." *Id.* at 280 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 66 (AM. LAW INST. 1982)). "'[W]hen a judgment has prominent future effects, such as a judgment determining marital . . . status, reliance interests are very likely to arise.'" *Id.* at 281 (emphasis omitted) (quoting RESTATEMENT (SECOND) OF JUDGMENTS §

---

[7] We note that in his Motion for Default Judgment filed on May 30, 2018, Husband stated Wife was served on October 13, 2017.

65 cmt. c (AM. LAW INST. 1982)).  Had the parties remarried, for example, this is a type of exceptional circumstance under which it may be inappropriate to set aside a default judgment for divorce that was otherwise void.  Under the record before us, however, we have no information about the parties' current marital statuses or any other evidence relevant to an inquiry on exceptional circumstances.

CONCLUSION

The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.  Costs of this appeal are assessed against Harmon L. Maddox, for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE